# Purdy, Appellant, *v.* Potter Title & Trust Company.

*Judgment—Opening judgment—Rules of court—Executors and administrators—Admissions.*

Where a·rule of court provides that if an application to open a judgment shall be put down for argument on petition and answer, the averments of the answer shall be taken as admitted, a judgment entered against an administrator for want of an appearance will not be opened, where the answer filed by the plaintiff avers that every fact suggested as a ground for opening the judgment was known, or could have been known by the administrator at the time the summons was served, and that the goods, the price for which the judgment was entered, had been bought by the intestate for her own use, and not by the intestate's husband, as alleged by the administrator.

Argued April 13, 1916.   Appeal, No. 24, April T., 1916, by plaintiffs, from order of C. P. Allegheny Co., July T., 1914, No. 976, making absolute rule to open judgment in case of Lee B. Purdy and W. G. Purdy, Copartners, trading as Purdy Brothers, v. Potter Title & Trust Company, Administrator of the Estate of Ada M. McKinnie, deceased.   Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Rule to open judgment.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order making absolute rule to open judgment.

*Watson B. Adair,* for appellant.—Defendant, with full knowledge that the present defense was alleged to exist, having led plaintiffs to enter the judgment, could not in good conscience have it opened: Hirschlan v. Krechman, 20 Pa. Superior Ct. 227; McGarrity v. McMahon, 240 Pa. 553.

*E. Y. Breck,* for appellee.

OPINION BY ORLADY, P. J., July 18, 1916:

The administrator of Ada A. McKinnie, was duly served with a summons in assumpsit, and a statement of claim verified by the affidavit of the plaintiff. Ten months later a judgment for want of an appearance was regularly entered. One month after, the administrator presented its petition, praying that the judgment be opened and a defense allowed to be made. To this an answer was filed, and after hearing, the rule to open the judgment was made absolute and the plaintiff brings this appeal.

The service of the summons is admitted and the reason given for not entering an appearance is, "that it knew of no defense to the claim, and had not been advised that there was a defense," until a few days before it presented its petition, when, at an audit of its account "the sole heir to the estate, disclosed, that there was a defense to the plaintiff's claim, in that the goods sued for were not sold and delivered on the credit of Ada A. McKinnie, but were sold on the credit of Frank H. McKinnie, husband of Ada A. McKinnie who died about one week prior to the death of his wife, the said Ada A. McKinnie."

Every fact suggested was known, or could have been known by the administrator at the time it was served with the summons, and, it is specially averred in the answer filed by the plaintiff, that before taking judgment "our attorney spoke to the defendant about it, and although defendant then knew of said claim by said sons of the decedent," then expressed a willingness that said judgment be taken, believing our claim to be just. And, "all the goods for the price of which this suit is brought were ordered by the said Ada A. McKinnie, personally, and were feed for the maintenance of a pair of carriage horses, kept and owned by her, which she expressly promised to pay for, and that the said Frank H. McKinnie, the

husband, was during the time the feed was sold and delivered, hopelessly insolvent."

Rule 12, of the court below provides that, inter alia, "the averments of the petition shall be taken as admitted, and if an answer is filed, all the averments of the petition which are not denied shall be taken as admitted, except where otherwise specially provided by law. Whenever such cases are put down for argument upon petition and answer, the averments of the answer shall be taken as admitted." No reply was made to these controlling facts stated in the answer.

The defendant does not allege that, it believes or expects to be able to prove the important fact mentioned, or has any evidence to support the defense suggested in the petition. The plaintiffs' answer specifically denies the defendants averment, that the goods were sold to the husband, and not to the wife, and, avers that the sales were made to the wife on her own credit, and for consumption by her own horses which, under the rule quoted must be accepted as true. There is no suggestion of fraud, accident, mistake or ignorance of fact in taking the judgment or that it is for an incorrect amount.

As presented by this record, the court was not warranted in opening the judgment, and the order is reversed.